UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES of the EMPIRE STATE
CARPENTERS WELFARE, PENSION
ANNUITY, APPRENTICESHIP,
CHARITABLE TRUST, LABOR
MANAGEMENT COOPERATION, and
SCHOLARSHIP FUNDS,

       Plaintiffs,     **REPORT AND**
               **RECOMMENDATION**
   -against-        CV 11-2194  (ADS) (GRB)

GOTHAM SCAFFOLDING, INC.,

       Defendant.
----------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

  Before the undersigned is a motion for default judgment made by the Trustees ("plaintiffs") of the Empire State Carpenters Welfare, Pension Annuity, Apprenticeship, Charitable Trust, Labor Management Cooperation, and Scholarship Funds ("funds"), which has been referred to the undersigned by District Judge Arthur Spatt to issue a report and recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded.  Plaintiffs allege that defendant Gotham Scaffolding, Inc. ("defendant") failed to pay contributions to the funds, subjecting defendant to liability under the Employee Retirement Income Security Act ("ERISA").  Compl. ¶ 9, Docket Entry ("DE") [1].

  For the reasons set forth herein, it is respectfully recommended that plaintiffs' motion for default judgment be GRANTED, and plaintiffs awarded the aggregate sum of $53,562.61, plus interest on the unpaid contributions at the prime rate from January 13, 2012 to the date of judgment.

1

**BACKGROUND**

Plaintiffs filed this action May 5, 2011, setting forth the following allegations, presumed true for the purposes of this Report and Recommendation, in their complaint:

- Plaintiffs are the trustees of the funds.  Compl. ¶¶ 3-4.

- Defendant is an employer.  *Id.* ¶ 5.

- Defendant entered into collective bargaining agreements with the unions plaintiffs represent, *id.* ¶ 6, which agreements obligated defendant to make contributions for union employees to the funds.  *Id.*

- An audit revealed that defendant failed to pay required contributions to the funds, *id.* ¶ 9, later specified to have occurred between January and December 2008. Mot. for Default Judgment Ex. 1A, DE [9] ("Motion for Default")

At the Court's request, plaintiffs submitted a copy of the collective bargaining agreement purportedly at issue, the "Empire State Regional Counsel of Carpenters United Brotherhood of Carpenters and Joiners of America Agreement on behalf of its Local Union 7" ("CBA").  Decl. of Owen M. Rumelt in Further Support of Plaintiff's Motion for Entry of Default Judgment Ex. A, at 4, DE [12] ("Rumelt Decl.")

Plaintiffs also submit allegations concerning the amount of the funds' damages, which, in contrast to the allegations of liability, must be supported by adequate evidence.  *See Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). Plaintiffs allege that defendant is liable to the funds for the delinquent contributions in the amount of $37,227.14, Mot. for Default Ex. 1, at 3; liquidated damages in the amount of 20 percent of delinquent payments, or $7,445.43, *id.* at 4; the cost of the audit, or $1,505.00, *id.* at 3; interest on the unpaid contributions at the prime rate since 2008, totaling $5,929.54 as of January

2

13, 2012, by plaintiffs' calculations, *id.*; and the attorney's fees and costs associated with this action, calculated at $1,455.50. *Id.* at 4. In support of the relief sought, plaintiffs submit an affidavit from the funds' Collections East Supervisor testifying to the delinquent contributions, *id.* Ex. 3; a summary of the audit's findings concerning delinquent contributions, *id.* Ex. 1A, and interest calculations, *id.* Ex. 1B; a declaration setting forth the time expended by legal staff on this matter, *id.* Ex. 2; and the associated attorney timesheet, *id.* Ex. 2B. Defendant has submitted nothing to oppose the amounts sought.

Plaintiffs had one "Ms. Fran" personally served with a copy of the summons and complaint on July 22, 2011 at 4235 Katonah Avenue, Bronx, New York. *See* Summons, DE [3]. Defendant lists Frances Bolton as "Principal of Company" and 4235 Katonah Avenue, Bronx, New York 10470 as its address on the CBA.[1] Defendant failed to answer or move with regard to the complaint or otherwise appear in the action. Plaintiffs requested entry of default on November 21, 2011. Req. for Certificate of Default, DE [6]. The Clerk noted defendant's default on December 6, 2011. Entry of Default, DE [8]. Plaintiffs moved for default judgment, *see* Mot. for Default, which motion was referred to the undersigned by District Judge Arthur D. Spatt for a recommendation as to whether the motion should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs. *See* Referral Order, DE [11].

---

[1] The New York Department of State Division of Corporations' online database listed "Frances Bolton" as defendant's registered agent as recently as the date of this Report and Recommendation. *See Search the Corporation and Business Entity Database*, New York State Department of State, Division of Corporations, State Records, & UCC, http://www.dos.ny.gov/corps/bus_entity_search.html (enter "Gotham Scaffolding," select "Search Database," and select hyperlink for "Gotham Scaffolding, Inc.").

## DISCUSSION

**I.     Liability**

Standard of Review in Default Judgments

Federal Rule of Civil Procedure 55 ("Rule 55") establishes a two-step process for obtaining a judgment against the defaulting party. *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, the Clerk of the Court, upon notification from the party seeking affirmative relief, notes the default of the party that has failed to plead or otherwise defend in the action. Fed. R. Civ. P. 55(a); *Priestley*, 647 F.3d at 504-05. Second, the plaintiff must seek a judgment under Rule 55(b), following one of two procedures. The plaintiff may request that the Clerk of the Court enter judgment if the plaintiff's claim is for a sum certain (or a sum that can be made certain by computation), the defendant has failed to appear, and the defendant is neither a minor nor an incompetent.[2] Fed. R. Civ. P. 55(b)(1); *Priestley*, 647 F.3d at 505. In all other cases, the party seeking a judgment by default must apply to the court pursuant to Rule 55(b)(2). *Priestley*, 647 F.3d at 505.

Rule 55 "tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party." *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citations omitted); *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993) (holding that a default constitutes a concession of all well pleaded allegations of liability). The district court need not agree that the alleged facts constitute a valid cause of action, however. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). "Indeed, [the Second Circuit]

4

recently suggested that, prior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Mickalis Pawn Shop*, 645 F.3d at 137 (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (internal quotation marks omitted).

Plaintiffs here have satisfied the procedural prerequisites to a default judgment. After defendant failed to appear in this action, plaintiffs sought defendant's default, which the Clerk duly noted. Plaintiffs then moved the Court for default judgment.

### Jurisdiction

The district courts of the United States have exclusive jurisdiction of civil actions under United States Code Title 29 brought by, *inter alia*, plan fiduciaries. 29 U.S.C. § 1132(e). Plaintiffs here bring an action pursuant to 29 U.S.C. § 1132. Compl. ¶ 4. Accordingly, this Court has jurisdiction to hear plaintiffs' claims.

### Service of Process

Service of a corporation is proper under federal law where, *inter alia*, plaintiff "follow[s] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A) (authorizing service "in the manner prescribed by Rule 4(e)(1)"); Fed. R. Civ. P. 4(e)(1). New York Civil Practice Law and Rules § 311 authorizes personal service "upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. CPLR § 311(a)(1). Plaintiffs here allege facts demonstrating that they personally served copies of the summons and complaint upon Frances Bolton, who defendant identifies as its registered

---

[2] The Court may only grant a default judgment against a minor or incompetent where the defendant is represented by

agent and its "Principal." Such service satisfies the Federal Rules of Civil Procedure.

Liability Under ERISA

Employers who are parties to a multiemployer plan or collectively bargained agreement subject to ERISA are required by statute to make contributions to the plan, in accordance with the terms and conditions of such plan or such agreement. 29 U.S.C. § 1145.

ERISA defines a "multiemployer plan" as a plan that requires more than one employer to contribute; which is maintained pursuant to one or more collective bargaining agreements; and cannot be categorized as one of the types of funds specifically excluded from the definition by the Secretary of Labor in 29 C.F.R. § 2510.3-1 (2012). *See* 29 U.S.C. § 1002(37). An "employee benefit plan" or "plan" is an employee welfare benefit plan, an employee pension benefit plan, or a plan that is both in one. 29 U.S.C. § 1002(3). ERISA defines an "employer" simply as any person acting as an employer, or in such employer's interests, in relation to an employee benefit plan. 29 U.S.C. § 1002(5).

ERISA authorizes a plan fiduciary to bring a civil action to, *inter alia*, obtain "appropriate equitable relief" to redress any act or practice which violates any provision of United States Code Title 29 or the terms of the plan, or to enforce such provision or plan terms. 29 U.S.C. § 1132(a)(3). Under ERISA, a fiduciary includes (i) anyone exercising discretionary authority or control in the management of a plan or disposition of its assets, (ii) anyone rendering compensatory investment advice regarding the assets of a plan, and (iii) anyone with discretionary authority or responsibility in the administration of a plan. 29 U.S.C. § 1002(21).

Application to the Instant Case

According to the uncontested record here, defendant was required to make employer

---

a guardian. Fed. R. Civ. P. 55.

contributions to a multiemployer benefit plan.  The CBA mandates employer contributions to employee benefit funds, including the welfare and pension funds entrusted to plaintiffs, *see* Rumelt Decl. Ex. A, at 4, qualifying such plans as "employee benefit plans" under ERISA.  *See* 29 U.S.C. § 1002(3).  The employee benefit plans associated with plaintiffs' funds satisfy the definition of "multiemployer plan" under ERISA, because the CBA here requires more than one employer to contribute, *see* Rumelt Decl. Ex. A, at 1 ("[A]ll individual employers who sign or agree to be bound by this Agreement…recognize a single multi-employer collective bargaining unit…."); and plaintiffs aver that the welfare and pension plans are not subject to the exclusions of the C.F.R.  *See* Compl. ¶ 3 ("The Funds are "multi-employer employee benefit plans" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and 1002(37)….").  Defendant acted as an employer in relation to an employee benefit plan, satisfying the ERISA definition of 'employer,' when, by its officer Frances Bolton, defendant entered into the CBA as an 'employer.'  Rumelt Decl. Ex. A; *see also* Compl. ¶ 5 ("Defendant is, and has been at all times relevant hereto, an "employer" within the meaning of Section 3(5) of ERISA….").  Accordingly, the terms of the CBA and ERISA section 515 required plaintiff to make contributions to the funds.  *See* 29 U.S.C. § 1145.

     Plaintiffs' audit pursuant to the CBA revealed defendant's failure to make its required contributions.  The CBA authorizes plaintiffs' representatives to conduct an audit of defendant's payroll and related records to confirm contributions are paid in full.  Rumelt Decl. Ex. A, at 4.  Plaintiffs' auditors found that Defendant failed to pay required contributions to the funds between January 1, 2007 to March 31, 2010.  Mot. for Default Ex. 3 ¶ 6; Compl. ¶ 9.  This violates the CBA and ERISA.

     Plaintiffs assert valid claims for the unpaid contributions.  Plaintiffs are fiduciaries under

ERISA, exercising discretionary authority or control in the management or administration of the employee benefit plan, or in the disposition of its assets, 29 U.S.C. § 1002(21), since defendant designated plaintiffs as trustees of the funds under the CBA. Rumelt Decl. Ex. A, at 4; *see also* Compl. ¶ 4 ("Plaintiffs are 'fiduciaries' of the Funds within the meaning of Section 3(21) of ERISA…."). Accordingly, ERISA entitles plaintiffs to seek to redress for the unpaid contributions. 29 U.S.C. § 1132(a)(3).

**II. Damages**

<u>Damages for Delinquent Contributions under ERISA</u>

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound*, 973 F.2d at 158. To establish damages upon a default, the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted). It is proper for the Court to "rely on detailed affidavits or documentary evidence … to evaluate the proposed sum." *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)

The damages to be awarded for defendants' ERISA violations here are set forth in ERISA section 502(g)(2):

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan--
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
> (i) interest on the unpaid contributions, or

>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>> (E) such other legal or equitable relief as the court deems appropriate.
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986 [26 USCS § 6621].

29 U.S.C. § 1132(g)(2). The CBA provides for interest at the prime rate and liquidated damages equal to twenty percent of the delinquency. Rumelt Decl. Ex. A, at 5. The CBA also makes employers liable for the costs of any audit that is "necessary." *Id.*

Application to the Instant Case

Plaintiffs have set forth a basis for the damages sought. *Transatlantic Marine*, 109 F.3d at 111. In an action such as this, ERISA awards unpaid contributions, interest, liquidated damages (or, in the alternative, double the interest), attorney's fees, and costs. 29 U.S.C. § 1132(g)(2). Here, plaintiffs' documentary evidence supports the award sought. *Fustok*, 873 F.2d at 40. The Collections East Supervisor of the funds, Kim Tompuri, avers that an audit of defendant's records revealed unpaid contributions in the amount of $37, 227.14. Mot. for Default, Ex. 3 ¶ 6. The funds are entitled to interest on $37, 227.14 at the prime rate from the dates of delinquency (from January to December 2008) to the date of this judgment, Rumelt Decl. Ex. A, at 5, which plaintiffs aver totals $5,929.54 as of January 13, 2012. Mot. for Default Ex. 1, at 3. The funds are also entitled to 20% of the unpaid contributions in liquidated damages, or $7,445.43, since such amount appears certain to exceed the interest and is provided for by the CBA. *See* 29 U.S.C. § 1132(g)(2) (awarding "an amount equal to the greater of-- (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent … of the [unpaid contributions]"); Mot. for Default Ex. 1B (calculating

9

interest as $1,356.87 or less each of the past three years, and an aggregate of $5,929.54 in interest through January 13, 2012). Plaintiffs are entitled to the legal costs pursuant to ERISA section 502(g)(2), including the $350.00 filing fee and the modest $28.00 fee for serving the summons and complaint. Plaintiffs also establish a basis for attorney's fees and the costs of the audit, as set forth in greater detail below.

The party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness and the necessity of hours spent and rates charged. *See generally, N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136 (2d Cir. 1983). A fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed. *Cruz v. Local Union No. 3 of the IBEW*, 34 F.3d 1148, 1160-61 (2d Cir. 1994). Ultimately, the court must determine whether the fee sought is "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens v. Cnty. of Albany,* 522 F.3d 182, 184 (2d Cir. 2008). Plaintiff has submitted billing records, setting forth apparently contemporaneous time entries, supporting its request for $1,077.50 in attorneys' fees expended through January 13, 2012. The time entries, broken down by task, show that the work was performed by attorney Owen Rumelt, at the rate of $250.00 per hour, and paralegals, at the rate of $75.00 per hour. The Court finds the fees to be reasonable. *See N.Y. State Teamsters Conference Pension & Retirement Fund by Bush v. Fratto Curbing Co.*, 875 F. Supp. 129, 131 (N.D.N.Y 1995) (finding rates of $ 125 to $ 150 per hour for attorneys reasonable in the Northern District of New York in 1995); *Missouri v. Jenkins*, 491 U.S. 274, 289 (1989) (finding that an attorney's fees award in civil rights cases necessarily includes an award of any paralegal fees incurred, at the market rate); *Parise v. Riccelli Haulers, Inc.*, 672 F. Supp. 72, 75 (N.D.N.Y 1987) (finding reasonable a paralegal rate

of $45 per hour in 1987 in Northern District of New York). Plaintiffs have accordingly provided a basis for attorney's fees in the amount of $1,077.50.

The terms of the CBA provide that, in the event of delinquent payment, the employer's liability includes the cost of any audit required. *See* Rumelt Decl. Ex. A, at 5. Accordingly, I find it appropriate to award the costs of the audit in the amount of $1,505.00.

## CONCLUSION

For the reasons set forth herein, it is respectfully recommended that plaintiffs' motion for default judgment be GRANTED, and plaintiffs awarded the aggregate sum of $53,562.61, plus interest on unpaid contributions at the prime rate from January 13, 2012 to the date of judgment.

## OBJECTIONS

The Clerk of the Court is hereby directed to mail a copy of this Report and Recommendation to the representatives of each of the parties. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
August 22, 2012

    /s/ Gary R. Brown
GARY R. BROWN
United States Magistrate Judge