FILED
CLERK
9/28/2012 11:31 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
TRUSTEES OF THE EMPIRE STATE
CARPENTERS WELFARE, PENSION
ANNUITY, APPRENTICESHIP,
CHARITABLE TRUST, LABOR                                    **ORDER**
MANAGEMENT COOPERATION, AND                                11-cv-2194 (ADS)(GRB)
SCHOLARSHIP FUNDS,

        Plaintiff,

        -against-

GOTHAM SCAFFOLDING, INC.

        Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Levy Ratner P.C.**
*Attorneys for the Plaintiff*
80 Eighth Avenue
8th Floor
New York, NY 10011-5126
    By:    Owen M. Rumelt, Esq., of Counsel

**NO APPEARANCE:**

Gotham Scaffolding, Inc.

**SPATT, District Judge.**

      The Plaintiff commenced this action on or about May 5, 2011, asserting claims for damages pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, and Section 301 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. On December 6, 2011, the Clerk of the Court noted the default of the Defendant Gotham Scaffolding, Inc. On January 24, 2012, the Plaintiff moved for a default judgment against the Defendant. On January 27, 2012, the Court referred the matter to United States Magistrate Judge Gary R. Brown for a recommendation as to whether the

motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs.

On August 22, 2012, Judge Brown issued a thorough Report recommending that the Court enter default judgment against the Defendant Gotham Scaffolding, Inc. In particular, he recommended that the Plaintiffs be awarded damages as follows: (1) unpaid employee benefit contributions due and owing in the amount of $37,227.14; (2) interest on $37,227.14 at the prime rate from the dates of delinquency (from January to December 2008) to the date of the judgment, which totals $5,929.54 as of January 13, 2012; (3) liquidated damages in the amount of 20% of the unpaid contributions, or $7,445.43, pursuant to 29 U.S.C. § 1132(g)(2); (4) audit costs in the amount of $1,505.00; and (5) attorneys' fees and filing costs in the amount of $1,455.50. In sum, Judge Brown recommends that the Plaintiffs be awarded the aggregate sum of $53,562.61, plus interest on unpaid contributions at the prime rate from January 13, 2012 to the date of judgment.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Brown's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Brown's Report, the Court adopts the Report.

For the foregoing reasons, it is hereby:

**ORDERED** that Judge Brown's Report and Recommendation is adopted in its entirety, and it is further

**ORDERED** that the Clerk of the Court is directed to enter a default judgment against the Defendant in the amounts recommended by Judge Brown, namely: (1) unpaid employee benefit contributions due and owing in the amount of $37,227.14; (2) interest on $37,227.14 at the prime rate from the dates of delinquency (from January to December 2008) to the date of the judgment, which totals $5,929.54 as of January 13, 2012; (3) liquidated damages in the amount of 20% of the unpaid contributions, or $7,445.43, pursuant to 29 U.S.C. § 1132(g)(2); (4) audit costs in the amount of $1,505.00; and (5) attorneys' fees and filing costs in the amount of $1,455.50; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to mark this case as closed.

**SO ORDERED.**

Dated: Central Islip, New York
September 28, 2012

                                                ___/s/ Arthur D. Spatt_____
                                                  ARTHUR D. SPATT
                                            United States District Judge